UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CE RESOURCE, INC., a
California corporation,
                                 NO. CIV. S-11-1910 LKK/JFM
      Plaintiff,

  v.                                    O R D E R

APPROVED CEUS, LLC, a
North Carolina Limited
Liability Company, and
DAVID LEE, an individual,

      Defendants.
_____/

    On September 16, 2011, Plaintiff CE Resource, Inc. ("CME") filed a first amended complaint against Defendants Approved CEUS, LLC, and David Lee, based on allegations of copyright infringement in violation of 17 U.S.C. §§ 501, et. seq.  Pl's First Am. Compl., ECF No. 8.  Specifically, Plaintiff alleged that Defendants "copied two entire paragraphs of CME's Mission Statement"; used those paragraphs in "[t]he About Us section of ApprovedCEUS's website"; and failed to appropriately respond to a cease and desist letter

1

1  from CME.  <u>Id.</u> at ¶¶ 15-19.

2       Defendant Approved CEUS, LLC was served on September 19, 2011.
3  Summons Returned Executed, ECF No. 13.  Defendant David Lee was
4  served on October 1, 2011.  Summons Returned Executed, ECF No. 14.
5  Defendants had 21 days after being served with the summons and
6  complaint to serve their answer.  Fed. R. Civ. P. 12(a)(1)(A).

7       On October 13, 2011, in response to Plaintiff's First Amended
8  Complaint, Defendant David Lee, acting <u>in propia persona</u>, filed a
9  statement with the court asserting, <u>inter alia</u>, that: (1) he was
10 "just a partner" of Approved CEUS, LLC, he "cannot afford to hire
11 an attorney, and [he] cannot afford the travel costs to
12 California"; (2) Approved CEUS, LLC is "not doing any business,"
13 it "ha[s] not completed the final development of the website," and
14 it "cannot take any orders"; (3) Plaintiffs' "papers arrived in
15 [his] mail box with no envelopes for everyone at the post office
16 to read"; (4) Plaintiffs are "only interested in getting paid
17 money"; and (5) Defendant Lee "can't really understand the damage
18 . . . [that] had been done to [Plaintiff's] company which has been
19 in business for over 20 years."  Def's Statement, ECF No. 15, at
20 1-2.  Defendant Lee also declared:

> I realize that our former Webmaster copied some of their "About Us" information . . . and yes [Plaintiff's counsel] asked us to change the information, and I agree that it was not done in a timely manner.  I had asked for it to be done, when requested, but because we were not doing any business, I never checked back on the Website to make sure the requested changes were done.  I take full responsibility for not doing this.  When I was informed, by [Plaintiff's counsel's] office that the changes were not made as requested, I

2

> immediately asked another Webmaster to make the changes that are now on our website, and cancelled the contract of the Webmaster who did not comply with my request. He does not work for our company, but is a company we hired to build the website. Even with the changes made, we still were threatened to be sued if we did not pay the lawyers $10,000 in fees.

Id. at 2.

Plaintiff has filed a request for entry of default against Defendants, in response to a minute order issued by this court. Pl's Request, ECF No. 19.

Although Defendant Lee's statement was filed within 21 days after he was served, the court is of two minds as to whether or not Defendant Lee's statement constitutes a proper answer. On the one hand, this statement could be considered an admission of Plaintiff's allegations, in which case it will be considered a proper answer, but an admission of fault. On the other hand, this statement could be considered a non-responsive denial, in which case it is not a proper answer, and Defendant Lee would therefore be subject to an entry of default against him. See Fed. R. Civ. P. 8.

Defendant Approved CEUS, LLC did not file a response to Plaintiff's First Amended Complaint within the required 21 days. Defendant Lee's documents, submitted in pro per, cannot also provide an answer for Defendant Approved CEUS, LLC. See Local Rule 83-183(a) ("A corporation or other entity may appear only by an attorney."). Thus, Defendant Approved CEUS, LLC is subject to an entry of default.

Before the court can render a default judgment against either

Defendant, however, it must have both subject matter and personal jurisdiction over the defaulting party. The plaintiff bears the burden of establishing jurisdiction. Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995).

The court has subject matter jurisdiction over this case under 17 U.S.C. §§ 501, et. seq., because this suit arises under the federal copyright laws.

Plaintiffs assert that: (1) the court has personal jurisdiction over Approved CEUS "because ApprovedCEUS conducts business in California and maintains a website accessible in California"; and (2) the court has personal jurisdiction over Lee "because Lee conducts business in California, is a principal of Approved CEUS, and was the one who copied or directed the copying of CME's copyrighted material." Pl's First Am. Compl., ECF No. 8, at 2. According to Defendant Lee's submitted statement, however, Approved CEUS, LLC is "not doing any business" at all, much less any business in California. Def's Statement, ECF No. 15, at 1. The court cannot be certain that, based on the facts alleged, Defendants' website is of the type over which this court could exert personal jurisdiction.[1]

---

[1] For purposes of analyzing personal jurisdiction, courts generally categorize websites into three different types: actively commercial, passive, and interactive. Only active and interactive websites may establish personal jurisdiction. See, e.g., Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419-20 (9th Cir. 1997). If, however, a defendant sells products or conducts business through a website, he has purposefully availed himself to any state in which he offers to sell products or do business. See, e.g., Stomp v. Neato, LLC, 61 F.Supp.2d 1074, 1078-79 (C.D. Cal. 1999); Zippo Mfg. Co. V. Zippo Dot Com, Inc., 952 F.Supp. 1119,

1  Thus, to meet their burden of establishing personal
2 jurisdiction, Plaintiffs must file a brief with this court alleging
3 sufficient facts to support this court's exercise of personal
4 jurisdiction over Defendants.  After the court considers the matter
5 of personal jurisdiction, the court will address the issue of
6 default.
7  Accordingly, the court ORDERS as follows:
8  [1] Plaintiffs SHALL file a brief within fourteen (14) days
9      addressing the question of personal jurisdiction as to each
10     Defendant.
11  IT IS SO ORDERED.
12  DATED: December 7, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

26 1124-26 (W.D. Penn. 1997).

5